UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ORR,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>JACK FOX, Warden,<br><br>　　　　　Respondent.<br>_____ | Case No. CV 15-08246 MMM (MRW)<br><br>ORDER SUMMARILY DISMISSING HABEAS ACTION<br><br>L.R. 72-3.2 |

　　　Pursuant to Habeas Rule 4 and Local Rule 72-3.2, the Court summarily dismisses this habeas action without prejudice for failure to state a claim upon which relief may be granted.

* * *

　　　Petitioner is a prisoner at the federal prison facility at Lompoc. He filed a habeas action in this Court under 28 U.S.C. § 2241. Pursuant to the Court's referral order (Docket # 2), Magistrate Judge Wilner preliminarily reviewed the petition. Judge Wilner concluded that the gist of the petition was to express Petitioner's dissatisfaction with his housing assignment to the Lompoc facility.

(Docket # 3 at 1.) Additionally, Petitioner raised broad complaints with his underlying conviction and his access to law library materials while in custody.

Judge Wilner informed Petitioner that it was "not clear what the basis for Petitioner's claim is." (Id.) The screening order advised Petitioner that he could only obtain habeas relief by establishing that he was "in custody 'in violation of the Constitution or laws or treaties of the United States.'" (Id. (quoting 28 U.S.C. § 2241).) Judge Wilner concluded that the minimal allegations in the petition did "not provide adequate information" to allow the Court or the government "to evaluate Petitioner's claim." (Id. at 2.) Judge Wilner directed Petitioner to submit a supplemental statement clearly explaining the basis for his claims of constitutional violations.

Petitioner recently filed that statement. (Docket # 5.) Petitioner explained that his "concerns" focus on his access to a computer to conduct undefined legal research, his "medical considerations," and his request that the Bureau of Prisons transfer him to Terminal Island or release him to home confinement. (Id.) Petitioner submitted a lengthy stack of medical records and communications with prison officials (including a note showing that he was scheduled to see a neurosurgeon). (Id. at 19.)

\* \* \*

Petitioner's current habeas filing fails on its face to state a claim upon which relief could be granted. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for

summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

The traditional and statutory function of a writ of habeas corpus "is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 484 (1973). To maintain a habeas action, the prisoner must demonstrate that he suffered a cognizable constitutional injury "likely to be redressed by a favorable judicial decision." Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) (quotation omitted). If the injury cannot be remedied by "the sort of equitable relief we may grant in response to a habeas petition" – that is, release from custody – a federal court has no jurisdiction. Id.

For this reason, habeas relief under Section 2241 is typically reserved for cases in which an action by the Bureau of Prisons improperly affects the length of a prison sentence. See, e.g., Schleining v. Thomas, 642 F.3d 1242 (9th Cir. 2011) (calculation of release date based on good time credits). Prisoners have "no right to be at any particular prison" within the federal system. Grayson v. Rison, 945 F.2d 1064, 1067 (9th Cir. 1991). The BOP has wide discretion to "manage and regulate all federal penal and correctional institutions." Reeb v. Thomas, 636 F.3d 1224, 1226 (9th Cir. 2011). Federal courts "lack jurisdiction to review" claims based on the BOP's exercise of that discretion. Id. at 1227 (dismissing federal habeas petition asking for petitioner to be reinstated in prison drug treatment program; district court had no subject matter jurisdiction); see also United States v. Miller, 594 F.3d 1240, 1242 (10th Cir. 2010) (district court lacks jurisdiction to override BOP's "primary authority" over housing decision).

Petitioner's petition and supplemental statement fail to identify a basis for habeas corpus relief under Section 2241. Petitioner is not entitled to an order of this Court intervening in the designation of his housing assignment. Moreover, Petitioner fails to state facts sufficient to demonstrate that his claims of

3

insufficient access to legal materials or allegedly deficient medical treatment violated the Constitution and warrant release from custody.  Additionally, the Court will not convert Petitioner's vague claims into a civil rights complaint, as he fails to specifically name potentially culpable individual parties or allege facts adequate to raise a non-speculative constitutional tort claim.[1]  <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251-52 (1971).

From the face of the petition, it is clear that Petitioner failed to state a plausible constitutional claim for relief that can properly lead to his release from custody under Section 2241.  For the reasons set forth above, the Court DISMISSES this action without prejudice.

IT IS SO ORDERED.

DATED: November 23, 2015

_____
HON. MARGARET M. MORROW
SENIOR UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1]  The Court takes judicial notice of Petitioner's previous attempts while in custody to file civil rights actions naming other federal defendants; the Court dismissed both actions as frivolous and for failing to adequately state a cause of action.  <u>Orr v. U.S. Air Force</u>, CV 15-1800 MMM (MRW) (C.D. Cal.); <u>Orr v. U.S. Air Force</u>, CV 15-2880 MMM (MRW) (C.D. Cal.).

4